# EXHIBIT 1

1  **BURSOR & FISHER, P.A.**
   L. Timothy Fisher (State Bar No. 191626)
2  Emily A. Horne (State Bar No. 347723)
   1990 North California Blvd., 9th Floor
3  Walnut Creek, CA 94596
   Telephone: (925) 300-4455
4  Facsimile: (925) 407-2700
   E-mail: ltfisher@bursor.com
5           ehorne@bursor.com

6  *Attorneys for Plaintiffs*

ELECTRONICALLY
D
Superio  Cour  o  California,
Count   o  Sa   Francisco
10/11/2024
Cler   o  th  Court
BY VER   MU
Deput   Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DESMOND BONHOMME and DANIEL TYLER, individually and on behalf of all other persons similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. CGC-24-618842<br><br>CLASS ACTION<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs Desmond Bonhomme ("Plaintiff Bonhomme") and Daniel Tyler ("Plaintiff Tyler") (together, "Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Uber Technologies, Inc. ("Defendant" or "Uber"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This action concerns Defendant's failure to disclose certain legally-mandated information to Plaintiffs and Class members in the course of their performance of food delivery duties during their engagement with Defendant.

2. The New York City Administrative code, Section 20-1501, *et seq.* (the "Delivery Driver Law") provides in relevant part that "[e]ach time a third-party food delivery service … offers a trip to a food delivery worker before such worker accepts such trip, such third-party food delivery service … shall disclose to such worker … the address where the food, beverage or other goods must be picked up." *See* NYC Admin Code § 20-1521 (emphasis added).

3. Defendant violated this law for every trip accepted by Plaintiffs and members of the putative Class by showing food pickup locations on a zoomed-out map, rather than providing actual addresses, as the law requires. The below image is an exemplar of the information that Uber Eats drivers (including Plaintiffs) are provided prior to accepting or declining trips (hereinafter, an "Offer Card"):



4. The Offer Card does not even list all street names, and Plaintiffs could not realistically be expected to glean the actual address in the limited time provided before they were given the option to accept or decline trips for Uber Eats. Indeed, the Uber Eats app typically gives delivery drivers only 15 seconds to accept a delivery request.

5. In this regard, Defendant violated Section 20-1521 of the Delivery Driver Law for nearly ever offer Plaintiffs and members of the putative Class were shown between mid April 2022, when the Delivery Driver Law came into effect, and approximately mid-July 2023, when Uber began to include addresses in all of its Offer Cards (hereinafter, the "Relevant Time Period").

## PARTIES

6. Plaintiff Desmond Bonhomme is a citizen of New York, who resides in New York, New York. Plaintiff Bonhomme has been an Uber Eats delivery driver since 2019, and made over 1700 deliveries in New York City for Uber Eats between the dates of April 22, 2022 and July 13,

2023, the majority of which Plaintiff Bonhomme was shown an Offer Card that did not include a pickup address. Plaintiff Bonhomme further declined or missed and thus did not accept numerous Offer Cards that did not include a pickup address from Uber Eats. The precise number of Offer Cards that Plaintiff Bonhomme declined or missed is in the exclusive possession of Uber.

7. Plaintiff Daniel Tyler is a citizen of New York, who resides in Brooklyn, New York. Plaintiff Tyler has been an Uber Eats delivery driver since 2016, and made hundreds of deliveries in New York City for Uber Eats between the dates of April 22, 2022 and July 13, 2023. For the overwhelming majority of those deliveries, Plaintiff Tyler was shown an Offer Card that did not include a pickup address. Plaintiff Tyler further declined or missed and thus did not accept numerous Offer Cards that did not include a pickup address from Uber as well. The precise number of Offer Cards that Plaintiff Tyler declined is in the exclusive possession of Uber.

8. Defendant Uber Technologies, Inc. is a Delaware corporation with its principal place of business located in San Francisco, California. Defendant owns and operates the Uber Eats, a food delivery service that allows users to order food from local and chain restaurants, as well as other stores, through the Uber Eats app and website.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to Article VI, section 10 of the California Constitution and California Code of Civil Procedure section 410.10. This action is brought as a Class action on behalf of Plaintiffs and Class members pursuant to California Code of Civil Procedure section 382. Defendant is headquartered in this County.

10. This Court is the proper venue for this action under the California Code of Civil Procedure section 395.5 because Defendant resides in this county and because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this county.

## CLASS ALLEGATIONS

11. Plaintiffs seek to represent a Class defined as: All Uber Eats Delivery Drivers who received an Offer Card for Uber Eats in New York City for which Uber did not disclose to such

worker the address where the food, beverage or other goods must be picked up within the applicable limitations period (the "Class").

12.  Excluded from the Class are Angela Haughton, Omar Taveras, and Anthony Weatherly.

13.  Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

14.  Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

    a. Whether Uber disclosed to its workers the addresses where food, beverages or other goods must be picked up prior to the workers' acceptances of delivery trips;

    b. Whether the conduct described herein constitutes a violation of NYC Admin. Code § 20-1521; and

    c. Whether Plaintiffs and the Class are entitled to reasonable attorneys fees;

15.  The claims of the named Plaintiffs are typical of the claims of the Class.

16.  Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

17.  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation

necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
## Violation of NYC Admin. Code § 20-1521

18. Under the Delivery Driver Law, "[t]he term 'food delivery worker' means any natural person or any organization composed of no more than one natural person, whether or not incorporated or employing a trade name, who is hired, retained, or engaged as an independent contractor by a third-party food delivery service required to be licensed pursuant to section 20-563.1 or a third-party courier service to deliver food, beverage, or other goods from a business to a consumer in exchange for compensation." (NYC Admin. Code § 20-1501.)

19. Under the Delivery Driver Law, "[t]he term 'third-party food delivery service' means any website, mobile application, or other internet service that: (i) offers or arranges for the sale of food and beverages prepared by, and the same-day delivery or same-day pickup of food and beverages from, a food service establishment; and (ii) that is owned and operated by a person other than the person who owns such food service establishment. (*Id.*)

20. At all times relevant herein, Plaintiffs and members of the putative Class were "food delivery workers" and Defendant was a "third-party food delivery service" as those terms are defined by the Delivery Driver Law.

21. Under the Delivery Driver Law, "[t]he term 'trip' means the time spent, distance travelled, and route followed by a worker to provide delivery services to a consumer through a third-party food delivery service or third-party courier service, including travel to a business,

1  picking up the food, beverage, or other goods for delivery, and taking and depositing such delivery
2  at a different location as requested." (NYC Admin. Code § 20-1501.)

3      22.    Deliveries made on the Uber Eats platform are thus undeniably "trips" under the
4  Delivery Driver Law.

5      23.    Section 20-1521 of the New York City Administrative code provides in relevant
6  part that "[e]ach time a third-party food delivery service … offers a trip to a food delivery worker
7  before such worker accepts such trip, such third-party food delivery service … shall disclose to
8  such worker … the address where the food, beverage or other goods must be picked up." (NYC
9  Admin. Code § 20-1521.)

10     24.    In violation of Section 20-1521, for nearly every Offer Card shown to Plaintiffs and
11 members of the putative Class in New York City between April 22, 2022 and approximately mid-
12 July 2023, Uber failed to disclose the address where the food, beverage or other goods must be
13 picked up.

14     25.    Under the Delivery Driver Law, "[f]or violations of their rights under this chapter, a
15 food delivery worker **shall** be entitled to the following relief: 1. all compensatory damages and
16 other relief required to make the worker or former worker whole; 2. an order directing compliance
17 with the requirements set forth in this chapter; and 3. for each violation of: …. (b) section 20-1521,
18 $200[.]" (See NYC Admin. Code § 20-1508 a. [emphasis added].) The Delivery Driver Law
19 makes clear that "[t]he relief authorized by this section shall be imposed on a per worker and per
20 instance basis for each violation." (See NYC Admin. Code § 20-1508 b.)

21     26.    Plaintiffs have a private right of action to assert these claims pursuant to NYC
22 Admin. Code § 20-1511.

23     27.    Pursuant to NYC Admin. Code §§ 20-1508 and 20-1511, Plaintiffs seek statutory
24 damages $200 per violation, as well as reasonable attorneys' fees.

25     28.    Concurrent with the filing of this case, Plaintiffs have simultaneously served notice
26 of such action and a copy of the complaint upon the New York City Department of Consumer and
27 Worker Protection pursuant to NYC Admin. Code § 20-1511 d.
28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that the Court grant Plaintiffs and all members of the proposed Class the following relief against Defendant:

(a) For an order certifying the Class and naming Plaintiffs as the representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent members of the Class;

(b) For an order declaring the Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

(d) For statutory and punitive damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit; and

(g) For all other relief the Court finds appropriate.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action and issues so triable.

Dated: October 11, 2024     Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _____
        Emily A. Horne

L. Timothy Fisher (State Bar No. 191626)
Emily A. Horne (State Bar No. 347723)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
            ehorne@bursor.com

*Attorneys for Plaintiffs*

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Bursor & Fisher, P.A., 1990 North California Blvd, 9th Floor, Walnut Creek, California 94596. On October 11, 2024, I served the document(s):

**FIRST AMENDED COMPLAINT**

☒   by causing a personal delivery of a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Uber Technologies, Inc.
c/o C T Corporation
330 N. Brand Blvd.
Glendale, CA 91203

*Registered Agent for Defendant Uber Technologies, Inc.*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, executed on October 11, 2024, at Walnut Creek, California.

_____
Judy Fontanilla

PROOF OF SERVICE
CASE NO. CGC-24-618842