UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DESMOND BONHOMME, et al.,

        Plaintiffs,

    v.

UBER TECHNOLOGIES, INC.,

        Defendant.

Case No. 24-cv-07998-JST

**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Re: ECF No. 12

Before the Court is Defendant Uber Technologies, Inc.'s motion to compel arbitration and stay proceedings. ECF No. 12. The Court will grant the motion.

## I. BACKGROUND

Plaintiffs Desmond Bonhomme and Daniel Tyler bring this putative class action against Uber for alleged violations of New York City Administrative Code, Section 20-1501, *et seq.* They contend that Uber violated the Code's requirement to "'disclose to [a food delivery] worker . . . the address where the food, beverage, or other goods must be picked up'" by instead offering drivers only a "zoomed-out map, rather than . . . actual addresses." ECF No. 1-1 ¶¶ 2–3 (quoting N.Y.C. Admin. Code § 20-1521).

Uber has now moved to compel arbitration of Plaintiffs' claims. The parties do not dispute that they entered into Uber's Platform Access Agreement (PAA), which contains an arbitration clause. *See* ECF No. 17 at 8 (Plaintiffs acknowledging that "they have an agreement to arbitrate with Defendant"). Plaintiffs contend, however, that the arbitration clause is unconscionable and therefore unenforceable.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332.

1     **III.**     **LEGAL STANDARD**

2        The Federal Arbitration Act ("FAA") applies to written contracts "evidencing a transaction

3 involving commerce." 9 U.S.C. § 2. Under the FAA, arbitration agreements "shall be valid,

4 irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation

5 of any contract." 9 U.S.C. § 2. This provision reflects "both a liberal federal policy favoring

6 arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility*

7 *LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quotation marks and citations omitted).

8        On a motion to compel arbitration, the Court's role under the FAA is "limited to

9 determining (1) whether a valid agreement to arbitrate exists and, if it does (2) whether the

10 agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207

11 F.3d 1126, 1130 (9th Cir. 2000). Section 2 of the FAA provides that an arbitration agreement

12 "shall be valid, irrevocable, and enforceable, save upon such grounds as exists at law or in equity

13 for the revocation of any contract." 9 U.S.C. § 2. "The final clause of § 2, generally referred to as

14 the savings clause, permits agreements to arbitrate to be invalidated by generally applicable

15 contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only

16 to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."

17 *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021) (quoting *Poublon v. C.H. Robinson*

18 *Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017)). "[T]he party opposing arbitration bears the burden of

19 proving any defense, such as unconscionability." *Id.*

20        On a motion to compel arbitration, "courts rely on the summary judgment standard of Rule

21 56 of the Federal Rules of Civil Procedure." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670

22 (9th Cir. 2021). "Courts may consider evidence outside of the pleadings, such as declarations and

23 other documents filed with the court." *Burger v. Northrop Grumman Sys. Corp.*, No. 21-cv-

24 06761-ABM-RWX, 2021 WL 8322270, at *4 (C.D. Cal. Oct. 27, 2021). Under Rule 56, "[a]n

25 affidavit or declaration used to support or oppose a motion must be made on personal knowledge,

26 set out facts that would be admissible in evidence, and show that the affiant or declaration is

27 competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

28        If the court is "satisfied that the making of the agreement for arbitration or the failure to

United States District Court
Northern District of California

1    comply therewith is not in issue, the court shall make an order directing the parties to proceed to

2    arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4.  Where the claims

3    alleged in a complaint are subject to arbitration, the Court may stay the action pending arbitration.

4    9 U.S.C. § 3.

5    **IV.    DISCUSSION**

6         When deciding whether a valid arbitration agreement exists, federal courts "apply ordinary

7    state-law principles that govern the formation of contracts."  *First Options of Chi., Inc. v. Kaplan*,

8    514 U.S. 938, 944 (1995).  Although the parties dispute whether California or New York law

9    applies, Plaintiffs note—and Uber does not dispute—that the two states' laws are consistent on the

10   question of contract formation.  ECF No. 17 at 15 (citing *Prince of Peace Enters., Inc. v. Top*

11   *Quality Food Mkt., LLC*, 760 F. Supp. 2d 384, 397 (S.D.N.Y. Mar. 14, 2011) ("[T]he law

12   regarding the formation of an enforceable agreement is the same in both jurisdictions [New York

13   and California]")).  The Court therefore need not make a choice-of-law determination.  *See*

14   *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (declining to decide whether

15   California or New York law applied because the laws of both states "dictate the same outcome").

16        Arbitration agreements may be invalidated by "generally applicable contract defenses,

17   such as fraud, duress, or unconscionability."  *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68

18   (2010) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).  With respect to

19   unconscionability, "[g]enerally, there must be a showing that . . . a contract is both procedurally

20   and substantively unconscionable in order to preclude enforcement."  *Saizhang Guan v. Uber*

21   *Techs., Inc.*, 236 F. Supp. 3d 711, 730 (E.D.N.Y. 2017) (internal quotation marks omitted);

22   *Performance Team Freight Sys., Inc. v. Aleman*, 241 Cal. App. 4th 1233, 1247 (2015)

23   ("Substantive unconscionability alone does not render a contract unenforceable, however.

24   Procedural unconscionability must also be shown.").  But, at least under New York law, "there

25   have been exceptional cases where a provision of the contract is so outrageous as to warrant

26   holding it unenforceable on the ground of substantive unconscionability alone."  *Id.* (quoting

27

28

United States District Court
Northern District of California

*Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010)).[1]

### A.    Delegation Clause

"[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–85 (2002)). "Just as the arbitrability of the merits of a dispute depends on whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." *First Options of Chi*, 514 U.S. at 943 (emphasis in original) (internal citations omitted). Whether the court or an arbitrator decides arbitrability is "an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Howsam*, 537 U.S. at 83 (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). Although courts generally resolve such ambiguities in favor of arbitration, ambiguities regarding the delegation of arbitrability are resolved in favor of court adjudication. *See First Options*, 514 U.S. at 944–45.

The PAA contains the following delegation clause:

> This Arbitration Provision applies to all claims whether brought by you or us, except as provided below. This Arbitration Provision requires all such claims to be resolved only by an arbitrator through final and binding individual arbitration and not by way of court of jury trial. Except as provided below regarding the Class Action Waiver and Representative Action Waiver, such disputes include without limitation disputes arising out of or relating to the interpretation, application, formation, scope, enforceability, waiver, applicability, revocability, or validity of this Arbitration Provision or any portion of this Arbitration Provision.

ECF No. 13-3 § 13.1(b).

Plaintiffs argue the delegation clause is both procedurally and substantively unconscionable. Starting with procedural unconscionability, Plaintiffs raise two arguments: first, that the delegation clause is presented in a "contract of adhesion . . . imposed upon the subscribing party without an opportunity to negotiate the terms." ECF No. 17 at 17 (quoting *Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 681 (9th Cir. 2024)). Second, Plaintiffs argue Uber's

United States District Court
Northern District of California

---

[1] The Court has not found an analogous California case affording such an exception.

presentation of the delegation clause, 24 pages into the PAA with no visual markers, contributes to unfair surprise. ECF No. 17 at 17 (citing *Iravanian v. Translations.com, Inc.*, 687 F. Supp. 3d 871, 878 (N.D. Cal. 2023)). Uber responds that the arbitration clause is not unconscionable because the PAA provides a procedure to opt out of the arbitration clause by emailing Uber within 30 days of signing. ECF No. 20 at 7–8; ECF No. 13-3 § 13.8(a) ("Agreeing to this Arbitration Provision is not a mandatory condition of your contractual relationship with us. If you do not want to be subject to this Arbitration Provision, you may opt out of this Arbitration Provision").

Uber has the better of this argument under both California and New York law. The Ninth Circuit has held that "an arbitration agreement is not adhesive if there is an opportunity to opt out of it." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016) (applying California law) (citing *Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002)). Likewise, "[c]ourts applying New York law have considered an opt-out provision as an important, if not dispositive, factor in rejecting challenges of procedural unconscionability." *Saizhang Guan*, 236 F. Supp. 3d at 731 (collecting cases). Nor does the "fact that the opt-out provision was buried in the agreement change this analysis." *Mohamed*, 848 F.3d at 1211 (internal quotations omitted).

Plaintiffs do not contend that they opted out of the arbitration clause. Nor do they explain how the delegation clause can be procedurally unconscionable in spite of the PAA's opt-out provision.[2] And they do not argue that Uber's delegation clause presents one of those "exceptional cases" in which a contract is unenforceable based on substantive unconscionability alone. *Saizhang Guan*, 236 F. Supp. 3d at 730. In light of these facts, the Court cannot conclude that the PAA's delegation clause is procedurally unconscionable, and the Court "need not reach the question whether the agreement[] here w[as] substantively unconscionable." *Mohamed*, 848 F.3d at 1211.

### B. Class Action Waiver

The PAA states—and the parties do not dispute—that the Court is responsible for determining whether the class action waiver is enforceable:

---

[2] Plaintiffs' opposition brief does not discuss *Mohamed*, and makes only passing mention of the opt-out provision. ECF No. 17 at 25.

United States District Court
Northern District of California

The parties agree that, under the PAA, the Court determines whether the class action waiver is enforceable. ECF No. 12 at 21; ("[O]nly a court of competent jurisdiction, and not an arbitrator, shall have exclusive authority to resolve any and all disputes arising out of or relating to the Class Action Waiver and/or Representative Action Waiver—including, but not limited to, any claim that all or part of the Class Action Waiver and/or Representative Action Waiver is unenforceable, unconscionable, illegal, void, or voidable, or that a breach of either such Waiver has occurred.

ECF No. 13-3 § 13.3(j). The PAA's class action waiver provides that "any and all disputes or claims between the parties shall be resolved only in individual arbitration, and not on a class, collective, coordinated, or consolidated basis." *Id.* § 13.4(a).

Plaintiffs argue that the class action waiver is unconscionable under the rule set forth in *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005). ECF No. 17 at 32. Uber responds that the opt-out provision renders the class action waiver enforceable and, in any event, New York law permits contractual class action waivers. ECF No. 20 at 20.

For the same reasons explained above, the PAA's opt-out provision belies Plaintiffs' arguments regarding procedural unconscionability, because "[i]f the offeree has a meaningful opportunity to freely opt out of a term after assenting to the contract, . . . then the contract is not being offered on a take-it-or-leave-it basis." *Guadagno v. E\*Trade Bank*, 592 F. Supp. 2d 1263, 1270 (C.D. Cal. 2008) (citing *Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199–1200 (9th Cir. 2002); *see also Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1077 (9th Cir. 2014) (holding opt out provision rendered class action waiver enforceable and not unconscionable). For this reason, the opt-out provision renders the class action waiver enforceable. *See Guadagno*, 592 F. Supp. 2d at 1270 (holding class action waiver contained within arbitration clause was enforceable where plaintiff "had a meaningful opportunity to opt out of the Arbitration clause . . . by notifying [defendant] in writing within 60 days of receiving the Agreement").

### C. Stay

Uber requests that the Court stay proceedings during the pendency of arbitration. ECF No. 12 at 24. The Court will stay the case consistent with the FAA, 9 U.S.C. § 3, and the guidance of the Ninth Circuit. *See MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014) (expressing a "preference for staying an action pending arbitration rather than dismissing it").

**CONCLUSION**

For the foregoing reasons, the Court grants Uber's motion to compel arbitration and stays these proceedings.  The Clerk shall administratively close the file.  This order shall not be considered a dismissal or disposition of the action against any party.  If further proceedings become necessary, any party may initiate them in the same manner as if this order had not been entered.

**IT IS SO ORDERED.**

Dated:  June 24, 2025

_____
JON S. TIGAR
United States District Judge